UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK E. BRINTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6692** |
| **SHERIFF MARLIN GUSMAN, ET. AL** | **SECTION "I" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

      **A.      The Complaint**

Plaintiff, Mark E. Brinton ("Brinton") was incarcerated in the Orleans Parish Prison at the time of the filing of this *pro se* and *in forma pauperis* complaint, pursuant to Title 42 U.S.C. § 1983. *See* R. Doc. 1. Brinton filed this complaint against Orleans Parish Sheriff Marlin Gusman ("Sheriff Gusman") and unidentified defendants "A to Z." *Id.* at p. 1.[1]

---

[1] The record reflects that since the filing of Brinton's complaint, he has since been relocated to Dixon Correctional Facility in Jackson, Louisiana. *See* R. Doc. 10.

Brinton alleges that Sheriff Gusman is liable to him because of the condition of the facility which he was detained in, Tent 3I. *See* R. Doc. 1, p. 4. Brinton alleges that upon his arrival, he immediately noticed dust and mold on the air vents, which allegedly began to cause him to sneeze and feel ill. *See id.* He also alleges that the sewerage, containing leeches, vermin, worms and "other fauna and flora" backed up onto the bathroom floor. *Id.* He also alleges that his mouth and lungs hurt because he breathes in "balls of lint from the 'blown together' blankets." *Id.* As a result, Brinton alleges that he is afraid of contracting mesothelioma and cancer.

Brinton alleges that he has filed grievances but has never received any responses. As a result, Brinton believes that his Fourteenth and Eighth Amendment constitutional rights were violated because of Sheriff Gusman's deliberate indifference to the conditions of his prison confinement. Brinton alleges that his medical status is critical and he requests emergency court action as a result of the lack of medical attention. *Id.* He alleges further that this is a clear case of negligence and indifference to his basic civil rights. Brinton seeks to recover damages from the defendants totaling five million dollars.

## II.     Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

    **A.   Improper Defendant**

Brinton named Sheriff Gusman as a defendant in this case, alleging that he should be held responsible for the conditions of Tent 3I. Upon review, the Court finds that this claim is frivolous.

While the Eighth Amendment's prohibition against cruel and unusual punishment "does not mandate comfortable prisons," *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981), the conditions of confinement must be at least "humane." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In order to establish a violation of his Eighth Amendment rights, an inmate must show (1) a deprivation that is "objectively, sufficiently serious" such that he was denied "the minimal civilized measures of life's necessities," and (2) a "sufficiently culpable state of mind" on the part of the prison official to constitute a deliberate indifference to inmate health or safety. *Id.* at 834.

A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmates complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates. *See, e.g., Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. As a supervisory official, like Sheriff Gusman, would not be vicariously liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the jail allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Brinton does not allege that Sheriff Gusman was directly involved in providing him with the facilities about which he complains. He further does not indicate that he in any way notified Sheriff Gusman personally about these complaints.

Brinton has not alleged or demonstrated a personal connection that would render Sheriff Gusman liable under § 1983. Thus, his claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### B.     Unidentified defendants, A-Z

Brinton failed to set forth any specific allegations against the remaining defendants generically identified as defendants A-Z.

Supreme Court jurisprudence seems to indicate that complaints naming unidentified parties as defendants should be dismissed. In order for a complaint to state a claim upon which relief can be granted, the Court has said that "[f]actual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004)). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 557).

On its face, a complaint asserting allegations against a person whose identity is not known cannot do more than simply offer naked assertions and speculative facts. Where a party is not known or identified, a cause of action simply does not yet exist. No relief can be granted against an unidentified party. Here, not only did Brinton fail to set forth any allegations against the unidentified defendants, but he also failed to give any indication as to whether they are public or private individuals. Therefore, because a judgment cannot be entered against an unnamed party, the Court finds that it is impossible for Brinton to state a claim against an unnamed party for which relief could be granted. As a result, the Court finds that the claims against unidentified defendants A-Z should be dismissed.

**IV.   Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that the § 1983 claims filed by the plaintiff, Mark E. Brinton, against Orleans Parish Sheriff Marlin Gusman and unidentified defendants A through Z, be **DISMISSED WITH  PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen days (14 days)** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of May, 2014.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**